UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )   | |
| )                              | |
| Plaintiff,                  )  | |
| )                              | |
| V.                             )   | CASE NO. 12-0636-KD-M |
| )                              | |
| $63,125.80 IN U.S. CURRENCY HELD IN  ) | |
| BANKTRUST ACCOUNT NO. ENDING  )  | |
| IN 2425, IN THE NAME OF SIYA  )  | |
| INVESTMENTS, INC., D/B/A SPUDDS #1  )  | |
| and $99,001.62 IN U.S. CURRENCY HELD  )  | |
| IN BANKTRUST ACCOUNT NO. ENDING )  | |
| IN 2417 IN THE NAME OF NASEEB  )   | |
| ENTERPRISES, INC., D/B/A SPUDDS #2,  )  | |
| )                              | |
| Defendants.                 )  | |

## ORDER OF FORFEITURE

This matter is before the Court on plaintiff's Motion for Order and Judgment of Forfeiture (Doc. 52). For cause shown, the Motion is **granted**.

On October 9, 2012, the plaintiff filed a Verified Complaint for Forfeiture In Rem against the above-named defendant currency, alleging that it was subject to seizure and forfeiture to the United States to enforce 31 U.S.C. §5317(c)(2), which subjects to civil forfeiture any property involved in a violation of 31 U.S.C. §5313 and §5324(a)(1) and/or (a)(3), or a conspiracy to commit such violation.

Supplemental Rule G "governs a forfeiture action arising from a federal statute." Supplemental Rule G(1). Supplemental Rule G(4)(b)(i) states that Plaintiff "must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant..." Siya Investments, Inc., d/b/a Spudds #1, and Naseeb Enterprises, Inc., d/b/a Spudds

#2, are the only known potential claimants for the defendant currency seized from the Banktrust Bank account xxxxxx2425, in the name of Siya Investments, Inc., d/b/a Spudds #1, and Banktrust account xxxxxx2417, in the name of Naseeb Enterprises, Inc., d/b/a Spudds #2. Plaintiff sent notice and a copy of the Verified Complaint to the registered agent for the referenced corporations, Vikesh Amin, and to counsel for the then putative claimants, P. Bradley Murray, Esq., by U.S. Certified Mail.

On November 9, 2012, P. Bradley Murray, filed a timely claim and answer on behalf of Vikesh Amin, but not Siya Investment's, Inc., and Naseeb Enterprises, Inc. An Amended Verified Claim by Siya Investment's, Inc, and Naseeb Enterprises, Inc., and an Amended Answer, was subsequently filed by Mr. Murray. While plaintiff took issue with the claimants' pleadings as amended, a Notice of Appearance of counsel for the corporate claimants has been filed, settlement has been reached, and those issues are now moot.

The parties filed a Joint Notice of Settlement, with a settlement document attached, excluding its Addendum, with a request that they have 30 days to file the complete settlement document. The Court granted that request. The Addendum has been executed and the complete settlement agreement filed. Pursuant to its terms the parties agreed that $144,127.42, is to be forfeited to plaintiff for disposition according to law, with the remaining $18,000.00, to be returned to Claimants through counsel, with each party to bear its own costs.

Supplemental Rule G(4) requires that the government publish notice of a civil forfeiture action. In accordance with Supplemental Rule G(4)(iv)(C), plaintiff published notice on an official government internet forfeiture website at www.forfeiture.gov for 30 consecutive days, from October 11 – November 9, 2012. Supplemental Rule G(4)(iv)(C) deems internet publication an alternative to newspaper publication. Any putative claimants who received notice

via the internet had to file a claim no later than 60 days after the first date of publication, that is, no later than December 10, 2012. Supplemental Rule G(5)(ii)(B).

No putative claimants who may have received notice by internet publication have filed a timely claim, and the deadline to do so has long since expired. Supplemental Rule G(5)(b).

As stated, the United States Secret Service seized the defendant Contents of the above-referenced accounts pursuant to seizure Warrant for Arrest issued by the Clerk of Court. Therefore, the defendant currency is within the in rem jurisdiction of the Court, which enables it to enter orders regarding its disposition. *United States v. All Funds Distributed to Weiss*, 345 F. 3d 49, 55 n.7, 56 n.8 (2d Cir. 2003) (seizure or constructive control of the property is necessary for the Court to exercise in rem jurisdiction); *Ventura Packers, Inc. v. F/V Kathleen*, 424 F. 3d 852, 853 (9th Cir. 2005) (In rem jurisdiction is obtained by serving an arrest warrant in rem.); *United States v. One Lear Jet*, 836 F.2d 1571, 1573 (11th Cir. 1983) ("The general rule of in rem jurisdiction is that the court's power derives entirely from its control over the defendant res."); *Wong Shing v. M/V Mardina Trader,* 564 F. 2d 1183, 1186 (5th Cir. 1977) (the arrest or seizure of the property gives the court in rem jurisdiction).

All identifiable potential claimants have been sent notice. All potential claimants have had adequate notice and time in which to file a claim, motion, or an answer. No claims, motions, or answers other than as noted have been filed and the filing deadlines have expired.

With no claims, motions or answers having been filed in opposition to the forfeiture of said defendants, and there being no remaining issues, final disposition of this action is appropriate at this time.

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Court has jurisdiction over the subject matter and the defendant $162,127.42, more or less, in U.S. Currency, and the complaint states a claim upon which relief may be granted.

2. The sum of $144,127.42 of the defendant $162,127.42, in U.S. Currency, is forfeited to the United States of America for disposition according to law pursuant to 31 U.S.C. §5317(c)(2), as property involved in a violation of 31 U.S.C. §5313 and §5324(a)(1) and (a)(3), or a conspiracy to commit such a violation, and the remaining 5

$18,000.00 shall be returned to claimants, Siya Investments, Inc. and Naseeb Enterprises, Inc., by check, by and through their attorney, P. Bradley Murray, The Murray Firm, LLC, P. O. Box 1588, Daphne, AL 36526.

3. The plaintiff and Siya Investments, Inc. and Naseeb Enterprises, Inc., are to bear their own costs.

4. This Order and the accompanying Judgment resolving all matters and issues joined in this action; the Clerk of Court is directed to close this file for administrative and statistical purposes.

**Done** and **ordered** this the 16th day of September 2013.

> s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**